**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MACK LEONARD EASON**                                                                **PETITIONER**
**ADC #138190**

VS.                           CASE NO.: 5:11CV00336 BD

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                               **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Petitioner Mack Leonard Eason, an inmate in the Arkansas Department of Correction ("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2), challenging his conviction in the Circuit Court of Crittenden County, Arkansas. Respondent Ray Hobbs has responded to the petition. (#7) For the following reasons, Mr. Eason's petition is DENIED and DISMISSED.

**I.      Background**

On July 18, 2006, Mr. Eason entered a guilty plea to delivery of a controlled substance. Even though this was a class "Y" felony, Mr. Eason received probation. A month later, on August 24, 2006, the State of Arkansas filed a petition to revoke Mr. Eason's probation. The petition alleged that Mr. Eason failed to report to his probation officer, to notify authorities of his current address, to obtain employment, and to pay fines, cost, and fees. The petition also alleged that during the month Mr. Eason was on

probation, he committed the crimes of arson, criminal mischief, theft, burglary, and attempted murder.

The trial court held a revocation hearing on October 24, 2006. The court found, by a preponderance of the evidence, that Mr. Eason had violated the terms of his probation by failing to pay fines and committing arson and attempted murder. As a result of the probation revocation, the trial court sentenced Mr. Eason to a thirty-year term of imprisonment. (#7-1)

Mr. Eason appealed his probation revocation and sentence, arguing that the trial court denied his right to confrontation and erred in finding that he violated the conditions of probation. On June 24, 2009, the Arkansas Court of Appeals affirmed the probation revocation and sentence. *Eason v. State*, 2009 Ark.App. 495. The Arkansas Court of Appeals found that the witness Mr. Eason claimed he could not confront actually testified and was cross-examined at the hearing. *Id*. The court also found that there was sufficient evidence to sustain the probation revocation. *Id*.

Mr. Eason filed a timely Rule 37 petition for post-conviction relief with the trial court, alleging denial of an evidentiary hearing, malicious prosecution, false imprisonment, and denial of due process. The trial court denied the Rule 37 petition, and Mr. Eason appealed.

On September 15, 2011, the Arkansas Supreme Court affirmed the trial court's denial of Mr. Eason's Rule 37 petition. *Eason v. State*, 2011 Ark. 352 (*per curiam*). The

Arkansas Supreme Court found that, under Arkansas Rule of Criminal Procedure 37.3, the trial court did not err in denying Mr. Eason's request for an evidentiary hearing. *Id*. at *3. The court found that Mr. Eason's malicious-prosecution claim was really an attack on the sufficiency of the evidence supporting the probation revocation; Mr. Eason had already presented that issue on direct appeal; and neither sufficiency-of-the-evidence nor malicious-prosecution claims could be raised in a Rule 37 petition. *Id*. at *3-4. The court found that Mr. Eason could have raised his false-imprisonment claim during the revocation proceeding, but that he did not, and that this claim could not be raised in a Rule 37 proceeding. *Id*. at *4. The court also found that Mr. Eason's due process claim was conclusory and could have been, or was, raised in his direct appeal. *Id*. at *4-5.

Mr. Eason filed the current federal petition for writ of habeas corpus on December 30, 2011, claiming that the trial court erred in denying him an evidentiary hearing on the issues of malicious prosecution, false imprisonment, and denial of due process. (#2) In response to the petition, Mr. Hobbs contends that Mr. Eason's claims are procedurally defaulted and not cognizable in a federal habeas petition. (#7)

## II.   Discussion

Mr. Eason couches his claims as a challenge to the denial of an evidentiary hearing. The decision to hold or deny an evidentiary hearing in a Rule 37 proceeding is an issue of Arkansas procedure. As the Arkansas Supreme Court observed, the trial court's decision whether or not to hold an evidentiary hearing was controlled by Rule

37.3 of the Arkansas Rules of Criminal Procedure. *Id*. at *3. Federal habeas courts are not the arbitrators of state law or state procedure. *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997). The decision whether to hold an evidentiary hearing in state court does not implicate federal law or the United States Constitution. It is a challenge to state procedure, not state custody. To the extent the claims challenge the lack of a state evidentiary hearing, they fall outside the realm of federal habeas review. See 28 U.S.C. § 2254(a) (federal district court can entertain a habeas corpus petition only if the petitioner is in state custody in violation of the United States Constitution or federal laws).

The Arkansas Supreme Court considered Mr. Eason's malicious-prosecution claim to be a challenge to the sufficiency of the evidence supporting revocation of his probation. *Eason*, 2011 Ark. at *3-4. Mr. Eason raised the sufficiency-of-the-evidence issue in his direct appeal. *Eason v. State*, 2009 Ark.App. 495. His false imprisonment claim, however, is not appropriate for federal habeas review. He also procedurally defaulted all but one of his due process claims.

    A.    *Sufficiency of Evidence*

Mr. Eason entered a guilty plea to the drug charge that resulted in probation, and ultimately, in his incarceration. He did not challenge his guilty plea or conviction. Instead, Mr. Eason alleged malicious prosecution, which the state courts considered a challenge to the sufficiency of the evidence supporting his probation revocation.

There are two components of a probation revocation: (1) a factual question of whether the probationer violated a condition of probation; and (2) a discretionary determination of whether the violation warrants revocation. *Black v. Romano*, 471 U.S. 606, 611, 105 S. Ct. 2254, 2257 (1985). To justify revocation, the greater weight of the evidence must show that the probationer violated a condition of probation. *Schneider v. Housewright*, 668 F.2d 366, 368 (8th Cir. 1981). A finding beyond a reasonable doubt is not necessary. *Id*. All that is required is that the court is satisfied that the probationer abused the opportunity to avoid incarceration. *Id*.

In this case, the trial court took witness testimony and made specific findings regarding Mr. Eason's probation revocation. The Arkansas Court of Appeals recounted the testimony and evidence in its opinion. *Eason*, 2009 Ark.App. at *1. The court noted that evidence of comparable weight has been deemed sufficient to support a criminal conviction for arson. *Id*.

The decision by the Arkansas Court of Appeals was not contrary to, or an unreasonable application of, clearly established federal law. A preponderance of the evidence standard used by the Arkansas courts is a constitutionally acceptable level of proof for probation revocation. *Schneider*, 668 F.2d at 368-369. The prosecution in this case made this showing and adequately supported the petition to revoke Mr. Eason's probation.

B.   *False Imprisonment*

Mr. Eason did not properly present his false imprisonment claim to any state court. Even if he had, this claim is not appropriate for federal habeas review.

Mr. Eason is not challenging the trial court's authority to revoke his probation. (#3, p. 12)  He admits that the trial court had the power to impose the sentence he is serving.  (#3, p. 12)  Instead, he alleges that he was illegally held by the State because he was arrested for arson, criminal mischief, theft, burglary, and attempted murder, but not for a probation violation.  He argues that he was denied an initial appearance or bond hearing on the new charges.  (#3, p. 12)

Based on the record before this Court, there is no way to determine whether Mr. Eason's statements are factually accurate.  His assertions, even if true however, do not raise an issue for federal habeas review.

Mr. Eason is not in custody for arson, criminal mischief, theft, burglary, or attempted murder.  He was never tried for, or convicted of, these alleged crimes.  Mr. Eason's state custody is based on his drug distribution conviction after probation was revoked.

Federal courts can entertain a habeas corpus petition only if the petitioner is in state custody in violation of the United States Constitution or federal laws.  28 U.S.C.

§ 2254(a). The alleged nine-day unlawful imprisonment has no affect on Mr. Eason's current State custody. Accordingly, it is not an appropriate issue for federal habeas review.

  C. *Due Process*

In his final claim, Mr. Eason alleges that he was denied due process because the State of Arkansas failed to prove his involvement in an arson beyond a reasonable doubt. (#3, p. 13)  Mr. Eason was never tried for, or convicted of, arson. The alleged arson was one of the grounds for Mr. Eason's probation revocation, which the State adequately supported. As the Arkansas Court of Appeals noted, a lower standard of proof, *i.e.*, preponderance of the evidence, applies to probation revocations. *Eason*, 2009 Ark.App. at *1.

Mr. Eason also claims that the petition for revocation did not adequately state the acts he allegedly committed; that he did not receive a first appearance or the assistance of counsel; and that he was not allowed to confront an adverse witness. (#3, p. 13-14)  Due process in a revocation proceeding requires written notice of the claimed violations of conditions of probation, disclosure of evidence, an opportunity to present witnesses and documentary evidence, a neutral hearing body, a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation, an opportunity to cross-examine adverse witnesses, and a right to the assistance of counsel. *Black*, 471 U.S. at 611-612, 105 S. Ct. at 2258.

Although Mr. Eason's allegations recite the general grounds for a due process violation, they are, as the Arkansas Supreme Court found, conclusory. *Eason*, 2011 Ark. at *4-5. Mr. Eason defaulted all of these due process claims by failing to raise or support them in the proper forum, with one exception. See *Id*. (Mr. Eason should have raised his due process claims in his direct appeal).

Mr. Eason argued in his direct appeal that the trial court denied his right to confront an adverse witness. The right to confront adverse witnesses is part of Mr. Eason's due process rights. This appears to be the only due process related issue that Mr. Eason did not procedurally default. Mr. Eason's Confrontation Clause argument, however, lacks merit.

The Arkansas Court of Appeals found that the witness Mr. Eason claimed he could not confront actually did testify and was cross-examined at the hearing. *Eason v. State*, 2009 Ark.App. 495. Mr. Eason has not provided any evidence that the Arkansas Court of Appeals' decision in this regard was an unreasonable determination of the facts. Mr. Eason tacitly admits that the witness that he now claims he was not allowed to confront, fireman Dennis Brewer, was actually the fourth witness at his revocation hearing. (#3, p. 4-5) Mr. Eason also describes some of Mr. Brewer's testimony on cross examination. (#3, p. 5) Accordingly, this argument lacks merit.

Mr. Eason did not raise any of his other due process claims in the proper forum, *i.e.*, his direct appeal. To avoid procedural default, a state inmate must complete the full

round of the state's established appellate review procedures before filing a federal habeas petition. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011). This means that the petitioner must present the same factual and legal bases to the federal courts that were presented to the state courts. *Ward v. Norris*, 577 F.3d 925, 935 (8th Cir. 2009).

It does not appear that Mr. Eason presented the factual bases for his remaining due process claims in any state court. Mr. Eason did raise the legal, albeit conclusory, bases for his remaining due process claims. Mr. Eason raised these claims, however, in the appeal of his Rule 37 petition denial. Arkansas requires an appellant to raise due process claims relating to the conviction in the direct appeal. *Eason* , 2011 Ark. at *4-5. Accordingly, Mr. Eason procedurally defaulted the remaining due process claims. See *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555 (1991) (claims are procedurally defaulted when petitioner fails to meet state's procedural requirements for presenting claims).

Mr. Eason procedurally defaulted his remaining due process claims by failing to raise them in the proper State forum. The only question is whether Mr. Eason can establish cause and prejudice to excuse his default or, in the alternative, demonstrate that a failure to hear his case would result in a fundamental miscarriage of justice. *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (citing *Coleman* , 501 U.S. at 750, 111 S.Ct. at 2565.

1. *Cause and Prejudice for Default*

Cause for procedural default is established when an objective factor, external to the defense, impedes efforts to comply with the state procedural rules. *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986). Mr. Eason has not presented any basis for a finding of cause.

Mr. Eason's failure to raise his due process claims in his direct appeal does not amount to "cause" so as to excuse his procedural default. He has not claimed that counsel provided ineffective assistance by omitting these issues on direct appeal. He also failed to present an argument of ineffective assistance of counsel in the direct appeal process through his Rule 37 petition. Because he has not established cause for his default, there is no reason to address prejudice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011).

2. *Miscarriage of Justice*

Even absent a showing of cause and prejudice, habeas corpus petitioners can overcome procedural default by demonstrating that a court's refusal to hear the petition would result in a miscarriage of justice. To establish a miscarriage of justice, however, Mr. Eason would have to show that, based on new evidence, a constitutional violation caused the conviction of someone who is actually innocent. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, as opposed to legal innocence. *Id*. A claim of actual innocence requires that a petitioner "support his allegation of constitutional error with new reliable evidence." *Id*. (quoting

*Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)). Actual innocence can be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*.

Mr. Eason has not come forward with any evidence of actual innocence so as to overcome his procedural default. He does not deny that he committed the drug crime that led to his current confinement. Instead, his claims concern the revocation of his probation. Because Mr. Eason has not presented any evidence that a failure to hear this petition would result in a miscarriage of justice, he has not overcome his procedural default.

### III.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Eason has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Eason has not provided a basis for issuing a certificate of appealability. Accordingly, a certificate of appealability is denied.

### IV.    Conclusion

All of Mr. Eason's claims either lack merit, are not appropriate for federal habeas review, or are procedurally defaulted. Because there are no available, non-futile state

judicial remedies available to Mr. Eason, his petition for a federal writ of habeas corpus is DENIED, and this case is DISMISSED, with prejudice.

DATED this 17th day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE